UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SAMUEL BRINSON | ) | |
| | ) | No. 16 C 9182 |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | Judge Thomas M. Durkin |
| | ) | |
| COOK COUNTY APPEAL CLERK OFFICE, | ) | |
| and PATRICIA O'BRIEN, SUPERVISOR | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## ORDER

On January 3, 2017, this Court dismissed Samuel Brinson's lawsuit without prejudice for failure to state a claim. R. 8. The original *pro se* pleading, construed broadly by the Court, alleged that Brinson was denied access to the courts in violation of his due process rights because, though Brinson desired to appeal an adverse circuit court decision, a circuit court clerk refused to transmit the record of the case to the appellate court, which resulted in the dismissal of Brinson's appeal. *See* R. 1 at 3-7.

In its January 3rd order, this Court noted that to state a constitutional claim for denial of access to the courts, a plaintiff must plausibly allege "(1) a non-frivolous underlying claim, (2) the official acts frustrating the litigation, and (3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit." R. 8 at 4 (quoting *Bryant v. Lake Cty. Circuit Clerk,* 2015 WL 690174, at *2 (N.D. Ill. Feb. 17, 2015) and citing *Christopher v. Harbury,* 536 U.S. 403, 415-

1

16 (2000)). The Court further noted that a plaintiff must also allege that the official act that frustrated his access to the courts proximately caused his injury. *Id.* (citing *Snyder v. Nolen*, 380 F.3d 279, 301 (7th Cir. 2004) (noting that a plaintiff "will have to demonstrate at some point in the litigation that the alleged harm was caused by the action of [the state-court clerk] rather than as a result of his own failure to seek immediate redress . . . through a petition for writ of mandamus")). The Court dismissed Brinson's complaint for failing to allege any facts regarding the claims and remedies at issue in the underlying lawsuit and for failing to allege facts supporting the plausible inference that the conduct of the circuit court clerk, and not his own dilatory conduct, proximately caused his injury. *Id.* at 4-5. The dismissal was without prejudice, and granted Brinson thirty days to amend. *Id.* at 5. The day before his amended complaint was due, Brinson sought a 60-day extension, R. 9, which was granted, R. 10. On the date of the extended deadline, Brinson filed another motion for extension of time, R. 14, which the Court granted with the admonition that it was a final thirty-day extension, R. 16.

On May 30, 2017, Brinson filed what the Court construes to be the amendment to the original complaint. *See* R. 17 (incorporating by reference the exhibits filed along with the second motion for extension of time, R. 14). Construed broadly, those amendments make the following clarifications:

- From September 2012 to his eviction in February 2014, Brinson had a number of issues with his landlord. Specifically, at times during that period, Brinson's unit did not have heat or electricity, and had bedbugs and roaches. *See* Exs. 9-11.

- On August 8, 2013, Brinson's landlord initiated eviction proceedings against him. R. 17 at 2.

2

- On January 8, 2014, the landlord was ordered by the state court judge to maintain heat and electricity in Brinson's apartment. *See* Ex. 3.

- On February 4, 2014, the state court judge entered an eviction order along with a $5,200 judgment against Brinson for unpaid rent. *See* Ex. 1, Ex. 8. Brinson sent a letter to the circuit court that same day stating that he had not been given an opportunity to present his case before judgment was entered against him because the judge "cut [him] off." *See* Ex. 8 ("I was done wrong in this case. I want this case reheard in court fairly and vacated judgment given."). Brinson did not receive a response to this letter. R. 17 at 4. He reiterates the same grievances in this lawsuit. *See* R. 17 at 1 ("I was denied opportunity to testif[y] in Circuit Court of Cook County [on] February 4, 2014, and also denied to show my evidence."); *id.* at 5 ("I was not allowed to talk and present my evidence.").

- Brinson filed a notice of appeal on February 4, 2014 and February 7, 2014. *See* Ex. 2. A file transmittal form was completed in the civil appeals division on February 10, 2014. *See id.*

- Six months later, on August 14, 2014, Brinson's appeal was dismissed for want of prosecution on the finding of the appellate court that Brinson "has failed to file the record on appeal within the time prescribed by Supreme Court Rule 326." *See* Ex. 6.

- Another adverse order was issued by the appellate court against Brinson on September 24, 2014. *See* Ex. 7.

- Brinson does not allege that he took any further appeals or sought reconsideration by the appellate court of its orders. Nor does he allege that he sought an order from the circuit court compelling the defendant clerk to transmit the record on appeal.

- In this lawsuit, Brinson asks this Court to dismiss "the $5,200 judgment, and other situations ruled against me." *See* R. 17. at 8.

Unfortunately, these amendments do not rescue the original complaint from dismissal. Not only do they fail to cure the previously identified deficiencies, they bring to bear an altogether different issue preventing Brinson's claim from proceeding in this Court: lack of subject-matter jurisdiction. It seems that the heart

3

of Brinson's claim is not a failure by the defendant clerk to transmit the record on appeal, but rather the entry of judgment against him in the first place. Since Brinson's state court appeal was unsuccessful, he turns now to this Court seeking an order vacating the state court judgment against him. The Court lacks jurisdiction to grant this relief. *Johnson v. Orr*, 551 F.3d 564, 567 (7th Cir. 2008) ("[F]ederal courts, other than the Supreme Court, do not have jurisdiction to review decisions of state courts in civil cases.") (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005)). Simply put, federal courts are deprived of subject matter jurisdiction "where a party, dissatisfied with a result in state court, sues in federal court seeking to set aside the state-court judgment and requesting a remedy for an injury caused by that judgment." *Id.* at 568 (citation omitted). That is precisely what Brinson has done here. "[L]itigant[s] may not attempt to circumvent" this rule "simply by casting the complaint in the form of a civil rights action." *Id.* (citation omitted).

Accordingly the complaint is dismissed. Because the Court has already permitted amendment, and because further amendment would be futile, the dismissal is now with prejudice.[1]

---

[1] Brinson also filed a motion to make a correction to a sentence on pages 6-7 of his amended complaint. R. 18. This correction does not change the Court's holding that it lack subject matter jurisdiction over Brinson's claim. Thus, Brinson's motion to correct a sentence in his amended complaint is denied as moot.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: June 15, 2017